**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 01-60214

(Summary Calendar)

———————————

GINA D WOODLAND; GEORGE ALLEN,

Plaintiffs - Appellants,

versus

F A RICHARD & ASSOCIATES INC,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 1:00-CV-417-RG

_____

September 17, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gina D. Woodland and George Allen ("Woodland") appeal the district court's decision

dismissing their suit against F. A. Richard & Assoc., Inc. ("Richard"). The district court determined

that Woodland's state law claims were preempted by the Longshore and Harbor Workers'

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Compensation Act, 33 U.S.C. § 901 *et seq*. ("LHWCA"). Accordingly, the court granted Richard's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or (6). We AFFIRM the district court's well-reasoned opinion.

We review de novo a district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(1). *See John Corp. v. City of Houston*, 214 F.3d 245, 247 (5th Cir. 1999). Woodland argues that Richard, Woodland's employer's administrator for LHWCA claims, directed employers to have their employees sign a form allowing recoupment of overpayments of LHWCA benefits by deducting the overcompensated amount from the employee's wages. Woodland signed this form, and is now suing Richard on behalf of all those similarly situated for compensatory and punitive damages, and an injunction from further use of the waiver. In her complaint, Woodland avers that Richard is liable for its "willful actions . . . in forcing them to sign a compensation waiver and in illegally taking alleged overpayments . . . in violation of 33 U.S.C. § 914(j) and 33 U.S.C. § 916," and for gross negligence.

Section 905(a) of the LHWCA provides that an employer's liability for compensation payments is limited to the remedies available under the LHWCA. *See Ceres Gulf v. Cooper*, 957 F.2d 1199, 1205 (5th Cir. 1992). Moreover, we have indicated that a plaintiff may not seek recovery on a state law tort claim where that recovery would "depend[] on [the plaintiff] having been entitled to compensation benefits or to the defendant's having violated the compensation statute." *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 814 (5th Cir. 1988). As Woodland's complaint reveals, her claims not only implicate her entitlement to compensation, but also involve a violation of the statute. Although Woodland argues that her claims do not fall within the statute's scope because she is suing Richard for fraud, we have previously noted that a plaintiff may not transform her claim into

"an actionable tort by merely invoking the magic words 'fraudulent, deceitful and intentional.'" *Id*. Accordingly, the district court properly dismissed Woodland's suit for lack of jurisdiction, as Woodland's claims do not come within the district court's diversity jurisdiction, and Woodland does not profess to be invoking the district court's jurisdiction under the LHWCA. *See* 33 U.S.C. §§ 918, 921(d).

We AFFIRM.